# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMIE REED,                    :        CIVIL NO. 1:14-CV-387
                               :
         Plaintiff,            :        (Judge Jones)
                               :
    v.                         :        (Magistrate Judge Carlson)
                               :
                               :
KYLE JORDON, et al.,           :
                               :
         Defendant.            :

## MEMORANDUM AND ORDER

This matter comes before the Court on a request to appoint counsel for the plaintiff, a *pro se* litigant.  (Doc. 10.)  The plaintiff has asked the Court to appoint counsel at the outset in this litigation prior to the filing of any response to his complaint.

We appreciate the plaintiff's interest in securing court-appointed counsel, but also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).  Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to

employ counsel." Under §1915(e)(1), a district court's appointment of counsel is

discretionary and must be made on a case-by-case basis. <u>Tabron</u>, 6 F.3d at 157-58.

In <u>Parham</u>, the United States Court of Appeals outlined the standards to be considered

by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. §

1915(e)(1). In passing on such requests we must first:

> "[D]etermine[] that the plaintiff's claim has some merit, then [we]
> should consider the following factors: (1) the plaintiff's ability to
> present his or her own case; (2) the complexity of the legal issues; (3)
> the degree to which factual investigation will be necessary and the
> ability of the plaintiff to pursue such investigation; (4) the amount a case
> is likely to turn on credibility determinations; (5) whether the case will
> require the testimony of expert witnesses; [and] (6) whether the plaintiff
> can attain and afford counsel on his own behalf."

<u>Parham v. Johnson,</u> 126 F.3d at 457.

There is yet another practical consideration which must be taken into account

when considering motions for appointment of counsel. As the United States Court

of Appeals for the Third Circuit has aptly observed:

> Finally, in addressing this issue, we must take note of the significant
> practical restraints on the district courts' ability to appoint counsel: the
> ever-growing number of prisoner civil rights actions filed each year in
> the federal courts; the lack of funding to pay appointed counsel; and the
> limited supply of competent lawyers who are willing to undertake such
> representation without compensation. We have no doubt that there are
> many cases in which district courts seek to appoint counsel but there is
> simply none willing to accept appointment. It is difficult to fault a
> district court that denies a request for appointment under such
> circumstances.

Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).  Mindful of this consideration it has been "emphasize[d] that volunteer lawyer time is extremely valuable.  Hence, district courts should not request counsel under § 1915(d) indiscriminately.  As the Court of Appeals for the Second Circuit has warned:  'Volunteer lawyer time is a precious commodity....  Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause.  We cannot afford that waste.' Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir.1989)."  Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time.  At the outset, we believe that we should defer any such decision until after we have had the opportunity to further assess the first benchmark standard we must address, the question of whether the plaintiff's claims have arguable legal merit.  In our view, it would be inappropriate to appoint counsel until we have the opportunity to complete this legal merits analysis in this matter.  Moreover, while we understand that the plaintiff doubtless faces some obstacles in bringing this action, to date the plaintiff has demonstrated an ability to effectively present his own case.  Furthermore, the actual investigation that the

plaintiff has to do is minimal, since the pleadings show that the plaintiff is fully aware of the bases for these claims against the defendants.

Taking all of these factors into account we DENY this request to appoint counsel (Doc. 10.), at this time without prejudice to re-examining this issue as this litigation progresses.

SO ORDERED, this 30th day of April, 2014.

*__S/Martin C. Carlson__*
Martin C. Carlson
United States Magistrate Judge